IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MARKESHA FUTRELL-SMITH,

    Plaintiff,

v.

BRINKER INTERNATIONAL, INC. D/B/A CHILI'S GRILL AND BAR,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Markesha Futrell-Smith, by and through her attorneys of KONTNIK | COHEN, LLC, hereby brings this *Complaint and Jury Demand* against Defendant, Brinker International, Inc. d/b/a Chili's Grill and Bar ("Chili's" or "Defendant"), under Sections 42 U.S.C. § 1981, 42 U.S.C. §2000a, and C.R.S. § 24-34-601, and states as follows:

### INTRODUCTION

1. On April 30, 2022, Ms. Futrell-Smith, her husband, and her two children attended Chili's for a family dinner but were denied service based on their race. Ms. Futrell-Smith and her family were the only black customers at the time and Chili's refused to serve Ms. Futrell-Smith and her family unless she provided a valid form of payment for the meal up front. Chili's does not have a policy of requiring customers to provide a valid form of payment up-front prior to dining. As a result, Ms. Futrell-Smith and her family were denied the same access to Chili's services as the non-black customers, none of whom were required to provide a valid form of payment prior to eating at Chili's.

## PARTIES

2.      Ms. Futrell-Smith was at all times relevant to this lawsuit a resident of the State of Colorado.

3.      Ms. Futrell-Smith is an African American woman and a member of a protected class based on her race and color.

4.      Defendant, Brinker International, Inc. d/b/a Chili's Grill and Bar ("Chili's" or "Defendant") is registered as a Foreign Limited Liability Company with its principal office located at 3000 Olympus Boulevard, Dallas, Texas 70519.

5.      Chili's Grill and Bar is a place of public accommodation as it is full-service, American, casual dining restaurant chain and bar that provides American food, Tex-Mex cuisine, and other dishes influenced by Mexican cuisine to members of the public.

6.      All persons shall have the same right to make and enforce contracts. 42 U.S.C. § 1981(a). "Make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

## JURSIDICTION AND VENUE

7.      This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343 for the federal law claims, and 28 U.S.C. § 1367 for the state law claim.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the District of Colorado and the Defendant resides in the State of Colorado.

## PROCEDURAL REQUIREMENTS

9. Ms. Futrell-Smith filed a charge of discrimination against Chili's Grill and Bar with the Colorado Civil Rights Division ("CCRD") in Denver, Colorado (Claim No. P2200016271X).

10. On June 13, 2023, the CCRD issued a for cause finding regarding Claim No. P2200016271X finding that Chili's "violated C.R.S. § 24-34-402, as re-enacted."

11. On August 30, 2023, the CCRD issued a letter notifying Ms. Futrell-Smith of her right to file a civil action within the statutory period.

12. Ms. Futrell-Smith is filing this Complaint for discrimination within ninety (90) days of receiving the letter regarding the right to file a claim pursuant to C.R.S. § 24-34-306(2)(b)(I)(B).

## FACTUAL ALLEGATIONS

13. Ms. Futrell-Smith is an African American woman.

14. Ms. Futrell-Smith is a member of a protected class based on her race and color.

15. The Chili's Grill and Bar is located at 3625 South Monaco Parkway, Denver, Colorado 80237.

16. On or around 9:30pm on April 30, 2022, Ms. Futrell-Smith and her family entered Chili's to eat and celebrate for Ms. Futrell-Smith's birthday.

17. Her family consisted of her husband, O'Shea Smith ("Mr. Smith") and their six-year-old daughter and nine-year-old son.

18. Ms. Futrell-Smith and her family were led to their seats by a hostess.

19. For approximately ten (10) minutes, Ms. Futrell-Smith and her family sat at their table without being acknowledged or served by Chili's employees. Ms. Futrell-Smith was a regular patron at Chili's and found this to be unusual.

20. Approximately ten (10) minutes after Ms. Futrell-Smith and her family were seated, a Chili's manager approached Ms. Futrell-Smith's table and demanded that Ms. Futrell-Smith provide a valid form of payment upfront prior to taking her order if she wished to dine at the restaurant.

21. Ms. Futrell-Smith and her family were the only black patrons present in Chili's at the time.

22. None of the other non-black patrons were required to provide a valid form of payment prior to dining at Chili's.

23. Other non-black patrons were permitted to order and dine in the restaurant without paying for their meal upfront.

24. Chili's justified its behavior by accusing Ms. Futrell-Smith of previously walking out on a meal.

25. Chili's refused to provide any evidence or proof that Ms. Futrell-Smith previously walked out on a meal.

26. Ms. Futrell-Smith was frustrated, angry, embarrassed, and humiliated in front of her family and the other patrons of the restaurant because of Chili's false accusations.

27. Chili's does not have a policy requiring a valid form of payment up front for patrons who are suspected of prior non-payment.

28. After the initial interaction whereby Chili's denied Ms. Futrell-Smith service unless she provided a valid form of payment up front, Ms. Futrell-Smith approached a waiter, "Jacob" who had served Ms. Futrell-Smith and her family on several different occasions.

29. Mr. Smith asked Jacob if he had reported or accused their family of walking out on two (2) bills.

30. Jacob stated that he had not reported Ms. Futrell-Smith and her family for walking out on two (2) previous bills. Jacob stated that Ms. Futrell-Smith and her family were frequent, loyal customers at Chili's who always paid their bills.

31. A Chili's Manager pulled Jacob by his arm towards the back office and away from Ms. Futrell-Smith and her family's table.

32. The manager initiated a phone call and walked to the back office.

33. The manager did not inform Ms. Futrell-Smith of whom she was calling.

34. Ms. Futrell-Smith believed the manager was calling the police.

35. After a short wait, Jacob returned to Ms. Futrell-Smith's table and Ms. Futrell-Smith asked when the police would be coming.

36. Jacob responded and assured Ms. Futrell-Smith that she'd "done nothing wrong." Jacob further informed Ms. Futrell-Smith that the manager was calling the Chili's location's General Manager because she didn't know what to do.

37. Ms. Futrell-Smith requested Chili's corporate office's phone number.

38. The manager returned to Ms. Futrell-Smith and her family's table and provided Ms. Futrell-Smith with Chili's corporate office's phone number.

39. Ms. Futrell-Smith requested the manager's name and the manager initially refused to provide her name.

40. After Ms. Futrell-Smith requested the manager's name multiple times, the manager provided Ms. Futrell-Smith with her first name, "Natasha."

41. Upon receiving the Chili's corporate office's phone number, Ms. Futrell-Smith and her family began to leave.

42. As Ms. Futrell-Smith was leaving, a customer in the bar area expressed his condolences for how unfairly Ms. Futrell-Smith had been treated and stated that he would be contacting Chili's corporate office to file a complaint about the incident.

43. At no time during April 30, 2022, did anyone from Chili's take Ms. Futrell-Smith's order or her family's order.

44. Ms. Futrell-Smith and her family were falsely targeted based on their African American race.

45. Ms. Futrell-Smith was refused service and prohibited from ordering or making a purchase at Chili's Grill and Bar based on her African American race.

46. The incident has caused Ms. Futrell-Smith immense anxiety and fear that when she enters a store or restaurant, she will be falsely accused of shoplifting or thievery, solely due to her African American race.

47. Ms. Futrell-Smith is genuinely fearful that similar discrimination will occur to her and her children in the future based on their African American race.

48. The April 30, 2022 incident has caused Ms. Futrell-Smith and her family severe emotional distress.

49. As of the date of filing this Complaint, Chili's has been unable to provide a legitimate non-discriminatory reason that Ms. Futrell-Smith was singled out, accused of theft, and denied service without a valid form of payment up front.

## CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
(Violation of Equal Rights, 42 U.S.C. § 1981)

50. Ms. Futrell-Smith hereby incorporates the foregoing allegations as if fully set forth herein.

51. Ms. Futrell-Smith is an African American woman and a member of a class protected by Section 1981.

52. Defendant Chili's intentionally discriminated against Ms. Futrell-Smith based on her race by targeting her and denying her the right to order based on the color of her skin.

53. Defendant Chili's intentionally discriminated against Ms. Futrell-Smith by accusing Ms. Futrell-Smith of theft.

54. The intentional discrimination on the basis of Ms. Futrell-Smith's race interfered with a protected activity as defined in Section 1981.

55. Ms. Futrell-Smith was denied the right to make, enforce, and enjoy contracts on the same basis as white citizens when she was prohibited from ordering at the Chili's Grill and Bar.

56. Ms. Futrell-Smith was denied the right to make, enforce, and enjoy contracts on the same basis as white citizens when the Chili's Grill and Bar staff refused to serve her and her family.

57. As a result of Defendant's intentional discrimination, Ms. Futrell-Smith has been damaged in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
(Discrimination in Places of Public Accommodation, 42 U.S.C. § 2000a)

58. Ms. Futrell-Smith hereby incorporates the foregoing paragraphs as if fully set forth herein.

59. Ms. Futrell-Smith is an African American woman and a member of a protected class. 42 U.S.C. § 2000a(a).

60. Chili's Grill and Bar is a place of public accommodation because it is a place of business engaged in sales of goods and services to the public. 42 U.S.C. § 2000a.

61. Ms. Futrell-Smith was denied the full and equal enjoyment of the goods, services, benefits, or privileges at Chili's based solely on her race and color when Chili's prevented her from purchasing food and dining at the restaurant.

62. As a result of Defendant's intentional discrimination, Ms. Futrell-Smith has been damaged in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
(Discrimination in Places of Public Accommodation, C.R.S. § 24-34-601)

63. Ms. Futrell-Smith hereby incorporates the foregoing paragraphs as if fully set forth herein.

64. Ms. Futrell-Smith is an African American woman and a member of a protected class. C.R.S. § 24-34-601(2)(a).

65. Chili's is a place of public accommodation because it is a place of business engaged in sales of goods and services to the public. C.R.S. § 24-34-601(1).

66. Ms. Futrell-Smith was denied the full and equal enjoyment of the goods, services, benefits, or privileges at Chili's based solely on her race and color when Chili's prevented her from purchasing food and dining at the restaurant.

67. As a result of Defendant's intentional discrimination, Ms. Futrell-Smith has been damaged in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Futrell-Smith respectfully requests a trial by jury on all issues so triable, and damages, as follows:

a. The Court declare that the actions of Defendant described in this Complaint are in violation of federal law and Colorado Law;

b. The Court award Plaintiff compensatory damages to the maximum extent permitted by law;

c. The Court award Plaintiff nominal damages;

d. The Court award Plaintiff actual economic damages and consequential damages arising out of Defendant's conduct as established at trial;

e. The Court award Plaintiff punitive damages for claims as allowed by law and in amount to be determined at trial;

f. The Court award Plaintiff her reasonable attorneys' fees and costs in this action as permitted by law;

g. The Court award pre-judgment and post-judgment interest at the highest lawful rate; and

h. The Court award any such further relief as this Court deems just and proper.

**Plaintiff requests a trial to a jury on all issues so triable.**

Respectfully submitted this 28th day of November 2023.

        Respectfully submitted,

        KONTNIK | COHEN, LLC

        *s/ Spencer J. Kontnik*
        Spencer J. Kontnik
        Matthew L. Fenicle
        KONTNIK | COHEN, LLC

201 Steele Street, Suite 210
Denver, Colorado 80206
Telephone: (720) 449-8448
E-Mail: skontnik@kontnikcohen.com
E-Mail: mfenicle@kontnikcohen.com
Attorneys for Plaintiff MARKESHA FUTRELL-SMITH