## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-03153-STV

MARKESHA FUTRELL-SMITH,

     Plaintiff,

v.

BRINKER INTERNATIONAL, INC. d/b/a CHILI'S GRILL AND BAR,

     Defendant.

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

Defendant, Brinker International, Inc.[1], by and through its undersigned counsel, Jackson Lewis P.C., respectfully submits its Answer and Affirmative Defenses to Plaintiff Markesha Futrell-Smith's ("Plaintiff") Complaint and Jury Demand [ECF No. 1] ("Complaint") as follows:

### AS TO "INTRODUCTION"

1.     On April 30, 2022, Ms. Futrell-Smith, her husband, and her two children attended Chili's for a family dinner but were denied service based on their race. Ms. Futrell-Smith and her family were the only black customers at the time and Chili's refused to serve Ms. Futrell-Smith and her family unless she provided a valid form of payment for the meal up front. Chili's does not have a policy of requiring customers to provide a valid form of payment up-front prior to dining. As a result, Ms. Futrell-Smith and her family were denied the same access to Chili's services as

---

[1] Plaintiff incorrectly named Brinker International, Inc. as the Defendant in this matter. The correct entity is Brinker Restaurant Corporation, a Virginia corporation, which owns the building where the alleged relevant conduct occurred.

the non-black customers, none of whom were required to provide a valid form of payment prior to eating at Chili's.

**ANSWER:** The allegations in Paragraph 1, Plaintiff's "Introduction" of the Complaint, constitute Plaintiff's self-serving introductory summary of her purported claims asserted in the Complaint, all of which Defendant denies. As such, the allegations in Plaintiff's "Introduction" contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is necessary and/or the allegations in Plaintiff's "Introduction" are construed to be factual in nature, Defendant denies it violated any applicable laws with respect to Plaintiff.

<u>**AS TO "PARTIES"**</u>

2.      Ms. Futrell-Smith was at all times relevant to this lawsuit a resident of the State of Colorado.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore, denies the same.

3.      Ms. Futrell-Smith is an African American woman and a member of a protected class based on her race and color.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same.

4.      Defendant, Brinker International, Inc. d/b/a Chili's Grill and Bar ("Chili's" or "Defendant") is registered as a Foreign Limited Liability Company with its principal office located at 3000 Olympus Boulevard, Dallas, Texas 70519.

**ANSWER:**  Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.     Chili's Grill and Bar is a place of public accommodation as it is full-service, American, casual dining restaurant chain and bar that provides American food, Tex-Mex cuisine, and other dishes influenced by Mexican cuisine to members of the public.

**ANSWER:**  Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     All persons shall have the same right to make and enforce contracts. 42 U.S.C. § 1981(a). "Make and enforce contracts" includes the making, performance, modification, and a termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

**ANSWER:**  Paragraph 6 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it violated 42 U.S.C. § 1981.

## AS TO "JURISDICTION AND VENUE"

7.     This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343 for the federal law claims, and 28 U.S.C. § 1367 for the state law claim.

**ANSWER:**  Defendant admits that this Court has jurisdiction over Plaintiff's claims in this matter. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the District of Colorado and the Defendant resides in the State of Colorado.

**ANSWER:** Defendant admits that the venue for Plaintiff's claims in this matter is proper. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

<u>**AS TO "PROCEDURAL REQUIREMENTS"**</u>

9.      Ms. Futrell-Smith filed a charge of discrimination against Chili's Grill and Bar with the Colorado Civil Rights Division ("CCRD") in Denver, Colorado (Claim No. P2200016271X).

**ANSWER:** The document referenced in Paragraph 9 of Plaintiff's Complaint speaks for itself. To the extent any allegations in Paragraph 9 of Plaintiff's Complaint conflict with that document, Defendant denies the allegations.

10.      On June 13, 2023, the CCRD issued a for cause finding regarding Claim No. P2200016271X finding that Chili's "violated C.R.S. § 24-34-402, as re-enacted."

**ANSWER:** The document referenced in Paragraph 10 of Plaintiff's Complaint speaks for itself. To the extent any allegations in Paragraph 10 of Plaintiff's Complaint conflict with that document, Defendant denies the allegations.

11.      On August 30, 2023, the CCRD issued a letter notifying Ms. Futrell-Smith of her right to file a civil action within the statutory period.

**ANSWER:** The document referenced in Paragraph 11 of Plaintiff's Complaint speaks for itself. To the extent any allegations in Paragraph 11 of Plaintiff's Complaint conflict with that document, Defendant denies the allegations.

12.      Ms. Futrell-Smith is filing this Complaint for discrimination within ninety (90) days of receiving the letter regarding the right to file a claim pursuant to C.R.S. § 24-34-306(2)(b)(I)(B).

**ANSWER:** Paragraph 12 of Plaintiff's Complaint is not a factual allegation to which a response is required. To the extent a response is required, Defendant admits Plaintiff filed her Complaint on November 28, 2023.

### AS TO "FACTUAL ALLEGATIONS"

13.     Ms. Futrell-Smith is an African American woman.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore, denies the same.

14.     Ms. Futrell-Smith is a member of a protected class based on her race and color.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore, denies the same.

15.     The Chili's Grill and Bar is located at 3625 South Monaco Parkway, Denver, Colorado 80237.

**ANSWER:** Defendant admits that it operates a restaurant at 3625 South Monaco Parkway, Denver, Colorado 80237.

16.     On or around 9:30pm on April 30, 2022, Ms. Futrell-Smith and her family entered Chili's to eat and celebrate for Ms. Futrell-Smith's birthday.

**ANSWER:** Defendant admits Plaintiff went to the Chili's restaurant located at 3625 South Monaco Parkway, Denver, Colorado 80237 on or about April 30, 2022. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same.

17.     Her family consisted of her husband, O'Shea Smith ("Mr. Smith") and their six-year-old daughter and nine-year-old son.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and therefore, denies the same.

18.     Ms. Futrell-Smith and her family were led to their seats by a hostess.

**ANSWER:** Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19.     For approximately ten (10) minutes, Ms. Futrell-Smith and her family sat at their table without being acknowledged or served by Chili's employees. Ms. Futrell-Smith was a regular patron at Chili's and found this to be unusual.

**ANSWER:**     Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Approximately ten (10) minutes after Ms. Futrell-Smith and her family were seated, a Chili's manager approached Ms. Futrell-Smith's table and demanded that Ms. Futrell-Smith provide a valid form of payment upfront prior to taking her order if she wished to dine at the restaurant.

**ANSWER:** Defendant denies that a manager demanded that Plaintiff provide a valid form of payment prior to taking her order. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint, and therefore, denies the same.

21.     Ms. Futrell-Smith and her family were the only black patrons present in Chili's at the time.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint, and therefore, denies the same.

22.     None of the other non-black patrons were required to provide a valid form of payment prior to dining at Chili's.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint, and therefore, denies the same.

23.     Other non-black patrons were permitted to order and dine in the restaurant without paying for their meal upfront.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint, and therefore, denies the same.

24.     Chili's justified its behavior by accusing Ms. Futrell-Smith of previously walking out on a meal.

**ANSWER:** Defendant admits that at least two team members specifically recognized Plaintiff and noted that she had previously left the restaurant without paying her bill. Defendant denies the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Chili's refused to provide any evidence or proof that Ms. Futrell-Smith previously walked out on a meal.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Ms. Futrell-Smith was frustrated, angry, embarrassed, and humiliated in front of her family and the other patrons of the restaurant because of Chili's false accusations.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint, and therefore, denies the same.

27.     Chili's does not have a policy requiring a valid form of payment up front for patrons who are suspected of prior non-payment.

**ANSWER:** Defendant admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     After the initial interaction whereby Chili's denied Ms. Futrell-Smith service unless she provided a valid form of payment up front, Ms. Futrell-Smith approached a waiter, "Jacob" who had served Ms. Futrell-Smith and her family on several different occasions.

**ANSWER:**  Defendant admits Jacob Walker previously served Plaintiff. Defendant denies that it denied Plaintiff service. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 28 of Plaintiff's Complaint, and therefore, denies the same.

29.     Mr. Smith asked Jacob if he had reported or accused their family of walking out on two (2) bills.

**ANSWER:**  Defendant admits the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Jacob stated that he had not reported Ms. Futrell-Smith and her family for walking out on two (2) previous bills. Jacob stated that Ms. Futrell-Smith and her family were frequent, loyal customers at Chili's who always paid their bills.

**ANSWER:**  Defendant admits that Mr. Walker stated that he had not reported Plaintiff for walking out on a bill. Defendant denies the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31.     A Chili's Manager pulled Jacob by his arm towards the back office and away from Ms. Futrell-Smith and her family's table.

**ANSWER:**  Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.     The manager initiated a phone call and walked to the back office.

**ANSWER:**  The allegations in Paragraph 32 of Plaintiff's Complaint are vague, and therefore, Defendant denies the same.

33.     The manager did not inform Ms. Futrell-Smith of whom she was calling.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.    Ms. Futrell-Smith believed the manager was calling the police.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint, and therefore, denies the same.

35.    After a short wait, Jacob returned to Ms. Futrell-Smith's table and Ms. Futrell-Smith asked when the police would be coming.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.    Jacob responded and assured Ms. Futrell-Smith that she'd "done nothing wrong." Jacob further informed Ms. Futrell-Smith that the manager was calling the Chili's location's General Manager because she didn't know what to do.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.    Ms. Futrell-Smith requested Chili's corporate office's phone number.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.    The manager returned to Ms. Futrell-Smith and her family's table and provided Ms. Futrell-Smith with Chili's corporate office's phone number.

**ANSWER:** Defendant admits the manager on duty provided Plaintiff with Defendant's guest complaint contact information.

39.    Ms. Futrell-Smith requested the manager's name and the manager initially refused to provide her name.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.    After Ms. Futrell-Smith requested the manager's name multiple times, the manager provided Ms. Futrell-Smith with her first name, "Natasha."

**ANSWER:** Defendant admits that the manager on duty was Natasha Nilwine. Defendant denies the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Upon receiving the Chili's corporate office's phone number, Ms. Futrell-Smith and her family began to leave.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     As Ms. Futrell-Smith was leaving, a customer in the bar area expressed his condolences for how unfairly Ms. Futrell-Smith had been treated and stated that he would be contacting Chili's corporate office to file a complaint about the incident.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint, and therefore, denies the same.

43.     At no time during April 30, 2022, did anyone from Chili's take Ms. Futrell-Smith's order or her family's order.

**ANSWER:** Defendant specifically denies that Plaintiff or Plaintiff's family attempted to order or that Defendant denied Plaintiff service. Defendant denies the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Ms. Futrell-Smith and her family were falsely targeted based on their African American race.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Ms. Futrell-Smith was refused service and prohibited from ordering or making a purchase at Chili's Grill and Bar based on her African American race.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     The incident has caused Ms. Futrell-Smith immense anxiety and fear that when she enters a store or restaurant, she will be falsely accused of shoplifting or thievery, solely due to her African American race.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 46 of Plaintiff's Complaint, and therefore, denies the same.

47.     Ms. Futrell-Smith is genuinely fearful that similar discrimination will occur to her and her children in the future based on their African American race.

**ANSWER:**  Defendant denies that it discriminated against Plaintiff and her children. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 47 of Plaintiff's Complaint, and therefore, denies the same.

48.     The April 30, 2022 incident has caused Ms. Futrell-Smith and her family severe emotional distress.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations in Paragraph 48 of Plaintiff's Complaint, and therefore, denies the same.

49.     As of the date of filing this Complaint, Chili's has been unable to provide a legitimate non-discriminatory reason that Ms. Futrell-Smith was singled out, accused of theft, and denied service without a valid form of payment up front.

**ANSWER:**  Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

### AS TO "CLAIMS FOR RELIEF"

### AS TO "FIRST CLAIM FOR RELIEF"
(Violation of Equal Rights, 42 U.S.C. § 1981)

50.     Ms. Futrell-Smith hereby incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

51.     Ms. Futrell-Smith is an African American woman and a member of a class protected by Section 1981.

**ANSWER:**  Paragraph 51 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

52.     Defendant Chili's intentionally discriminated against Ms. Futrell-Smith based on her race by targeting her and denying her the right to order based on the color of her skin.

**ANSWER:**  Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant Chili's intentionally discriminated against Ms. Futrell-Smith by accusing Ms. Futrell-Smith of theft.

**ANSWER:**  Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     The intentional discrimination on the basis of Ms. Futrell-Smith's race interfered with a protected activity as defined in Section 1981.

**ANSWER:**  Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Ms. Futrell-Smith was denied the right to make, enforce, and enjoy contracts on the same basis as white citizens when she was prohibited from ordering at the Chili's Grill and Bar.

**ANSWER:**  Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Ms. Futrell-Smith was denied the right to make, enforce, and enjoy contracts on the same basis as white citizens when the Chili's Grill and Bar staff refused to serve her and her family.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     As a result of Defendant's intentional discrimination, Ms. Futrell-Smith has been damaged in an amount to be proved at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"
(Discrimination in Places of Public Accommodation, 42 U.S.C. § 2000a)

58.     Ms. Futrell-Smith hereby incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

59.     Ms. Futrell-Smith is an African American woman and a member of a protected class. 42 U.S.C. § 2000a(a).

**ANSWER:** Paragraph 59 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

60.     Chili's Grill and Bar is a place of public accommodation because it is a place of business engaged in sales of goods and services to the public. 42 U.S.C. § 2000a.

**ANSWER:** Paragraph 60 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations.

61.     Ms. Futrell-Smith was denied the full and equal enjoyment of the goods, services, benefits, or privileges at Chili's based solely on her race and color when Chili's prevented her from purchasing food and dining at the restaurant.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     As a result of Defendant's intentional discrimination, Ms. Futrell-Smith has been damaged in an amount to be proved at trial.

**ANSWER:**  Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

### AS TO "THIRD CLAIM FOR RELIEF"
(Discrimination in Places of Public Accommodation, C.R.S. § 24-34-601)

63.     Ms. Futrell-Smith hereby incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

64.     Ms. Futrell-Smith is an African American woman and a member of a protected class. C.R.S. § 24-34-601(2)(a).

**ANSWER:**  Paragraph 64 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

65.     Chili's is a place of public accommodation because it is a place of business engaged in sales of goods and services to the public. C.R.S. § 24-34-601(1).

**ANSWER:**  Paragraph 65 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations.

66.     Ms. Futrell-Smith was denied the full and equal enjoyment of the goods, services, benefits, or privileges at Chili's based solely on her race and color when Chili's prevented her from purchasing food and dining at the restaurant.

**ANSWER:**  Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     As a result of Defendant's intentional discrimination, Ms. Futrell-Smith has been damaged in an amount to be proved at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

## <u>AS TO "REQUEST FOR RELIEF"</u>

Defendant denies that Plaintiff is entitled to the relief requested in her Complaint.

*          *          *

## <u>GENERAL DENIAL</u>

Except as to those matters specifically admitted, Defendant denies each and every matter and thing contained in Plaintiff's Complaint in any of her counts, claims, paragraphs, or at all.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

1.     Any claims for which Plaintiff failed to exhaust her administrative or contractual remedies are barred.

2.     Any injuries or damages Plaintiff suffered were due to her own acts or omissions.

3.     Plaintiff's claims for monetary relief may be barred, reduced, or otherwise limited by law.

4.     Defendant acted, at all times, toward Plaintiff in good faith, and likewise acted in good faith in its efforts to comply with applicable laws, thus barring Plaintiff's claims for punitive damages.

5.     Any special damages Plaintiff seeks that she has not pled with specificity are barred.

6.     Defendant reserves the right to amend and supplement these defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant asks the Court to enter an award in its favor, dismiss Plaintiff's Complaint with prejudice, and award Defendant its costs, reasonable attorneys' fees and other costs allowable by law and whatever additional relief the Court deems just and proper.

Respectfully submitted this 30th day of January, 2024.

JACKSON LEWIS P.C.

*s/ Melisa H. Panagakos*
Melisa H. Panagakos
Emely Y. Garcia
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile:  (303) 892-5575
Melisa.Panagakos@jacksonlewis.com
Emely.Garcia@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of January, 2024, a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was served via CM/ECF on the following:

Spencer J. Kontnik
Matthew L. Fenicle
KONTNIK COHEN, LLC
201 Steele Street, Suite 210
Denver, CO 80206
skontnik@kontnikcohen.com
mfenicle@kontnikcohen.com

*Counsel for Plaintiff*

*s/ Tama Steinacher*
for Jackson Lewis P.C.